IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CARRIE ANTUNEZ, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| EUSTIS TESTING EQUIPMENT § | | |
| LLC, EUSTIS ENGINEERING LLC § | | |
| AND MURPHY ROMERO § | JURY DEMANDED | |
| § | | |
| *Defendants* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff **CARRIE ANTUNEZ** (hereafter referred to as "Plaintiff **ANTUNEZ**") complaining of Defendant **EUSTIS TESTING EQUIPMENT LLC** (hereafter referred to as Defendant "**EUSTIS TESTING EQUIPMENT**"), Defendant **EUSTIS ENGINEERING LLC** (hereafter referred to as Defendant "**EUSTIS EUSTIS ENGINEERING**"), and Defendant **MURPHY ROMERO** (hereafter referred to as Defendant "**ROMERO**"), and in support thereof would respectfully show unto the Court as follows:

### I. PARTIES

1. Plaintiff, Carrie Antunez, is a citizen of the State of Texas.

2. Defendant Murphy Romero is an individual who was and is a citizen of the State of Louisiana at all times relevant to this action. Defendant Romero was the driver of the vehicle involved in the collision made the basis of this lawsuit while operating in the State of Texas; specifically, in the Southern District. At all times relevant to this action, Defendant Romero was in the course and scope of his employment with Defendant Eustis Testing Equipment LLC. This action arises from the subject collision. Defendant Romero

may be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.062 by serving the Chairman of the Texas Transportation Commission, located at 124 E. 11th Street, Austin, Texas 78701, and who can in turn serve Defendant Romero at his last known address, located at 7350 Callahan, Denham Springs, Louisiana 70726.

3. Eustis Testing Equipment LLC is a limited liability company formed in and under the laws of the State of Louisiana and headquarters are located in Metairie, Louisiana, and who at all times material and relevant hereto was engaged in business in Texas. Gwendolyn Sanders, Kathy D. Lerouge, James Hance, Chad Held, Travis Richards, David Indest, and Lawrence Rome are members of the limited liability company, Eustis Testing Equipment LLC, and are citizens of Louisiana. Defendant Eustis Testing Equipment LLC was the owner of the vehicle involved in the collision made the basis of this lawsuit which was operated by its employee Defendant Romero in the State of Texas; specifically, in the Southern District. This action arises from the subject collision. Defendant Eustis Testing Equipment LLC may be served with process pursuant to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, Texas 78111, who can in turn serve Defendant Eustis Testing Equipment LLC via its registered agent, Gwendolyn Sanders, located at 3011 28th Street, Metairie, Louisiana 70002.

4. Eustis Engineering LLC is a limited liability company formed in and under the laws of the State of Louisiana and headquarters are located in Metairie, Louisiana, and who at all times material and relevant hereto was engaged in business in Texas. Gwendolyn Sanders, Kathy D. Lerouge, James Hance, Chad Held, Travis Richards, Lawrence Rome, Sean Walsh, Benjamin Cody, and Matthew Morales are members of the limited liability company, Eustis Engineering LLC, and are citizens of Louisiana.

Defendant Eustis Engineering LLC was the owner of the vehicle involved in the collision made the basis of this lawsuit which was operated by its employee Defendant Romero in the State of Texas; specifically, in the Southern District. This action arises from the subject collision. Defendant Eustis Engineering LLC may be served with process pursuant to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, Texas 78111, who can in turn serve Defendant Eustis Testing Equipment LLC via its registered agent, Gwendolyn Sanders, located at 3011 28th Street, Metairie, Louisiana 70002.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action as this is a civil action pursuant to 28 U.S.C. § 1332, in that it is a civil action between Plaintiff, who is a Texas citizen, and Defendants, who are all citizens of, incorporated in, and/or have their principle place of business in, a state other than Texas; specifically, Defendants are all citizens of Louisiana. Additionally, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. Venue is proper within the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions occurred within the United States District Court for the Southern District of Texas; specifically, Brazoria County.

## III. NATURE OF THE CASE

7. On or about February 1, 2021, Plaintiff Antunez was traveling southbound on State Highway 332 West in Lake Jackson, Brazoria County, Texas. Plaintiff was safely and lawfully operating a 2020 Buick Enclave. Defendant Eustis Testing Equipment and/or Eustis Engineering's employee, Murphy Romero, acting within the course and

scope of his employment, was operating Defendant Eustis Testing Equipment and/or Eustis Engineering's 2015 GMC Sierra owned by Defendant Eustis Testing Equipment and/or Eustis Engineering's. Defendant Murphy was traveling southbound at a turn around on State Highway 332 East Frontage Road. Defendant Romero failed to yield the right of way at a yield sign upon entering the roadway and suddenly, violently, and without warning, struck the vehicle operated by Plaintiff. As a result of the collision, Plaintiff sustained serious injuries.

8. At the time of the accident, Defendant Romero (a) was employed by Defendants Eustis Testing Equipment and/or Eustis Engineering's, (b) was driving a vehicle owned by Defendants Eustis Testing Equipment and/or Eustis Engineering, and (c) was acting within the course and scope of his employment with Defendant Eustis Testing Equipment and/or Eustis Engineering At all times material to this incident, Defendant Romero had permission, either express or implied, to operate Defendant Eustis Testing Equipment and/or Eustis Engineering's 2015 GMC Sierra.

## IV. CAUSES OF ACTION

### COUNT I – NEGLIGENCE OF DEFENDANT ROMERO

9. The allegations alleged in paragraph 1-8 are re-alleged and are incorporated herein by reference.

10. Defendant Romero was a professional driver and had a duty to exercise care in the operation of the commercial vehicle, and he breached that duty of care by, *intra alia:*

    a. Failing to keep a proper lookout;

    b. Failing to take proper evasive action;

    c. Failing to operate his vehicle in a prudent and reasonable manner;

    d.    Failing to maintain a proper speed and control under the circumstances;

    e.    Failed to yield the right of way at a yield sign; and

    f.    Reckless driving.

11.    Defendant Romero's conduct was malicious, willful, reckless or in wanton disregard of the rights and safety of others.

12.    As a direct and proximate cause of Defendant Romero's negligence, Plaintiff Carrie Antunez sustained serious injuries and damages, including pain and suffering, mental anguish and distress, loss of enjoyment of life and loss of future earnings. Additionally, Plaintiff seeks relief for the injuries and damages pursuant to applicable laws.

## COUNT II – NEGLIGENCE OF DEFENDANTS EUSTIS TESTING EQUIPMENT LLC AND EUSTIS ENGINEERING LLC

13.    Plaintiff, Carrie Antunez, incorporates by reference each and every allegation contained in Paragraphs 1 through 12 of Plaintiff's Original Complaint set forth above as though fully set forth herein.

14.    Defendant Romero was an employee of Defendants Eustis Testing Equipment and Eustis Engineering LLC and was acting within the course and scope of that employment at the time of the accident. As such, Defendants Eustis Testing Equipment and Eustis Engineering LLC are vicariously liable for the wrongful acts or omissions of Defendant Murphy Romero.

15.    Defendants Eustis Testing Equipment and Eustis Engineering LLC are engaged in the business of commercial transportation throughout the United States.

16. Defendants Eustis Testing Equipment and Eustis Engineering LLC had a duty to exercise reasonable care in the management and operation of its commercial trucks.

17. Additionally, Defendants Eustis Testing Equipment and Eustis Engineering LLC had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

18. Defendants Eustis Testing Equipment and Eustis Engineering LLC failed to exercise reasonable care in the management and operation of its commercial trucks, and failed to exercise reasonable care in the hiring, training supervising and/or retaining of its employees.

19. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendants Eustis Testing Equipment and Eustis Engineering LLC, Plaintiff suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which he seeks relief pursuant to applicable laws.

### COUNT III: NEGLIGENCE *PER SE*

20. The allegations alleged in paragraphs 1 - 19 are re-alleged and are incorporated herein by reference.

21. The following acts and/or omissions of Defendants constitute negligence *per se* by Defendants Eustis Testing Equipment, Eustis Engineering LLC and Murphy

Romero, jointly and severally, by and through their agents, servants and/or employees acting in the course and scope of employment:

    a.    violation of § 392.2 – "Applicable Operating Rules"; and

    b.    violation of § 545.151-153 – "Vehicle Entering Stop or Yield Intersection"

22. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

### COUNT IV.  LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

23. At the time of his injuries, Plaintiff, Carrie Antunez, was in reasonably good health with a normal life expectancy.

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous loss of life and family. Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

    A.    Reasonable medical care and expenses in the past.

    B.    Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

    C.    Loss of earnings in the past.

    D.    Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

    E.    Mental anguish in the past.

    F.    Mental anguish in the future, which will in all probability, be incurred in the future.

    G.    Pecuniary loss in the past.

      H.      Pecuniary loss in the future, which will in all probability, be incurred in the future.

      I.      And all other legal damages and just and right compensation as allowed both in law and in equity.

25.    All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein). For all such claims and losses, Plaintiff now sues.

26.    Plaintiff, Carrie Antunez, requests monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

## JURY DEMAND

27.    Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

28.    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays for judgment as follows:

A. Medical care expenses of Plaintiff according to proof in the past and in reasonable probability will be incurred into the future;

B. Past and future loss of earnings and earning capacity of Plaintiff according to proof in the past and in reasonable probability will be sustained into the future;

C. Loss of household services in the past and in all probability to be incurred into the future;

D. Non-economic damages for Plaintiff according to proof including as applicable:

E. Compensation for physical pain in the past and in reasonable probability sustained into the future;

F. Compensation for mental anguish in the past and in reasonable probability will be sustained into the future;

G. Compensation for loss of earnings and earning capacity and in reasonable probability sustained into the future.

H. Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

I. Compensation for physical impairment in the past and in reasonable probability will be sustained into the future;

J. Loss of consortium in the past and in all likelihood to be incurred into the future;

K. As to all Counts and all DEFENDANTS, awarding pre-judgment and post-judgment interest to the Plaintiff according to proof;

L. As to all Counts and all DEFENDANTS, awarding reasonable costs to the Plaintiff as provided by law; and

M. As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted,

*/s/ John D. Schroeder*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
John D. Schroeder
Texas Bar No. 24093971
**GOWAN ELIZONDO, LLP**

>555 N. Carancahua, Suite 1400
>Corpus Christi, Texas 78401
>Telephone: 361.651.1000
>Facsimile: 361.651.1001
>ggowan@gelawfirm.com
>jschroeder@gelawfirm.com